E-FILED
Wednesday, 16 September, 2026 12:42:51 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| MARCO JONES,<br>Plaintiff,<br><br>v.<br><br>K. KRAMER, *et al.*,<br>Defendants. | Case No. 4:26-cv-04128-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Menard Correctional Center ("Menard"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at the Northern Reception and Classification Center ("NRC") and Hill Correctional Center ("Hill"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II

Plaintiff files suit against Defendants K. Kramer (Nurse Practitioner at Hill), Teri Stone (Nurse at Hill), Chrisiana Lewis (Nurse at Hill), Jane Doe #1 (Nurse at NRC), and Jane Doe #2 (Nurse at NRC). Plaintiff alleges Nurse Jane Doe #1 was on duty at approximately 7:45 p.m. on October 19, 2024, and Nurse Jane Doe #2 was on duty at approximately 9:30 a.m. on December 14, 2024.

Plaintiff alleges he was examined by Defendant Nurse Jane Doe #1 at approximately 7:45 p.m. on or about October 19, 2024. Plaintiff told Nurse Jane Doe #1 his skin was extremely itchy, causing him to create open wounds due to the scratching. Nurse Jane Doe #1 prescribed hydrocortisone, even though Plaintiff told her hydrocortisone made the itching worse and should not be applied to open wounds. Plaintiff states he used the hydrocortisone as instructed, but the cream made his skin feel like it was on fire.

Plaintiff alleges he was examined by Defendant Nurse Jane Doe #2 at approximately 9:30 a.m. on or about December 14, 2024. Plaintiff told Nurse Jane Doe #2 about his skin condition, the uncontrollable itching, and that he was previously prescribed hydrocortisone, which made the condition worse. Plaintiff alleges Nurse Jane Doe #2 ignored his concerns, prescribed hydrocortisone, and instructed him to return if his symptoms worsened.

On an unspecified date, Plaintiff was transferred to Hill. On October 3, 2025, Plaintiff was examined by Defendant Nurse Lewis. Plaintiff told Nurse Lewis about his worsening skin condition, extreme itching, and flaking skin. Plaintiff told Nurse Lewis he had been prescribed hydrocortisone, but the cream was ineffective and worsened his condition. Nurse Lewis advised Plaintiff to continue using hydrocortisone and to take cold showers. Plaintiff told Nurse Lewis his skin burned badly and flared up when he showered. Nurse Lewis told Plaintiff he

should be fine and instructed him to submit a sick call request if his symptoms persisted.

On March 5, 2026, Plaintiff saw Defendant Nurse Stone and showed her his skin condition on his arms, back, neck, legs, and chest. Plaintiff told Nurse Stone his skin itched badly, he had scratched scars on himself, and hydrocortisone was ineffective. Plaintiff informed Nurse Stone that showers caused a bad burning sensation, which had spread to his scalp and caused his hair to fall out. Plaintiff complained that the itchiness made it difficult to sleep. Plaintiff alleges he was denied medical treatment.

Plaintiff alleges Defendant Nurse Practitioner Kramer "has avoided getting [him] treatment after seeing this condition has been ongoing as well as being notified by Nurses Terri Stone and Christiana Lewis." (Doc. 1 at p. 9).

**III**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the

defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

The Court finds that Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against Defendants Nurse Practitioner Kramer and Nurses Chrisiana Lewis, Teri Stone, Jane Doe #1, and Jane Doe #2 based on their alleged deliberate indifference to Plaintiff's skin condition.

Plaintiff is advised that Nurses Jane Doe #1 and #2 cannot be served. As such, the Court *sua sponte* adds Mindi Nurse, the Warden of the NRC, in her official capacity as a party to facilitate the identification of the Doe Defendants. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Warden Nurse aimed solely at identifying the Doe Defendants. After the Doe Defendants have been identified, Warden Nurse may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify the Doe Defendants and file a motion to substitute their real names. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment claim against Defendants Nurse Jane Doe #1 (Nurse at NRC), Nurse Jane Doe #2 (Nurse at NRC), Chrisiana Lewis (Nurse at Hill), Teri Stone (Nurse at Hill), and K. Kramer (Nurse Practitioner at Hill) based on their alleged deliberate indifference to his skin condition. Additional claims shall not be included in the

case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to ADD Mindi Nurse, the Warden of the Northern Reception and Classification Center, as a Defendant to assist Plaintiff in identifying Nurse Jane Doe #1 and Nurse Jane Doe #2.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After

Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: September 16, 2026

s/Jonathan E. Hawley
U.S. District Judge